**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

NATALIE ZAGURY, individually and on behalf of all others similarly situated,

                    *Plaintiff,*

    v.

DERMSTORE LLC,

                    *Defendant.*

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1453, Defendant Dermstore LLC ("Dermstore") gives notice of removal of this putative class action from the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida. In support of removal, Dermstore states the following:

**I.    NATURE OF THE REMOVED CASE**

1.    On January 16, 2023, Plaintiff Natalie Zagury ("Plaintiff"), filed a putative class action against Dermstore in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida. Case No. 2023-000690-CA-01 (the "State Court Action").

2.    Plaintiff asserts a claim in the State Court Action on behalf of herself and a Florida-wide class of similarly situated individuals for alleged violations of Florida's Telephone Solicitation Act, Fla. Stat. § 501.059 (the "FTSA"). A copy of the Complaint filed in the State Court Action is attached hereto as **Exhibit A**.

3. Plaintiff defines the class she purports to represent as follows:

All persons in Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services[] (2) using the same equipment or type of equipment utilized to call Plaintiff.

4. Plaintiff alleges Dermstore failed to obtain Plaintiff's express written consent prior to sending Plaintiff text messages in violation of the FTSA. On this basis, the Complaint asserts a single count for violation of the FTSA on behalf of Plaintiff and the putative class consisting of "thousands of consumers."

## II.  THIS COURT HAS ORIGINAL JURISDICTION UNDER CAFA

5. This Court has original jurisdiction over the State Court Action under the Class Action Fairness Act of 2005 ("CAFA"), and its removal is permitted under 28 U.S.C. § 1332(d) and § 1441(a). The State Court Action is a putative "class action" as defined in CAFA because it was filed under Florida Rule of Civil Procedure 1.220, which is a state "rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

6. "CAFA permits the removal of class actions to federal court where the putative class action includes 100 or more members, at least one plaintiff is diverse from one defendant, and the aggregate amount in controversy exceeds $5 million." *Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 924 (11th Cir. 2019) (citing 28 U.S.C. § 1332(d), § 1453). "Unlike in ordinary cases, there is *no presumption against removal* in CAFA cases." *Id.* at 925 (emphasis added). CAFA's provisions are to be "read broadly, with a *strong preference* that interstate class

actions should be heard in a federal court if properly removed by any defendant.'"[1]  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (quoting S. Rep. No. 109-14, p. 43 (2005)) (emphasis added).  "While a court may decide that some of a plaintiff's claims lack merit in the context of a motion to dismiss, such considerations are inappropriate as part of a jurisdictional analysis."  *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014) (holding that district court erred when it refused to consider the amount of damages flowing from plaintiff's fraud claims based on its determination that those claims failed as a matter of law).  All requirements are satisfied here.

**A.  Minimal diversity of citizenship is satisfied.**

7.   This is a controversy between citizens of different states, which satisfies the minimal diversity requirement of CAFA.  28 U.S.C. § 1332(d)(2)(A).

8.   The Court may look to a notice of removal and any documents attached thereto for purposes of determining diversity in a removed action.  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010).

9.   Upon information and belief, Plaintiff is a citizen of Florida.  Plaintiff alleges she received text messages from Dermstore "*while residing in* and physically present in Florida."  (Compl. ¶ 9 (emphasis added).)  Plaintiff also alleges that she is a "regular user" of

---

[1] This presumption in favor of exercising federal jurisdiction differs from the approach in non-CAFA cases, where courts "are encouraged to resolve all doubts about jurisdiction in favor of remand to state court."  *Garcia v. Wal-Mart Stores E., L.P.*, No. 6:14-cv-255-Orl-36TBS, 2014 WL 1333208, at *3 (M.D. Fla. Apr. 3, 2014).

a telephone number with a "954" area code.[2] (*Id.* ¶ 6.) Area code "954" is among the area codes in the North American Numbering Plan for Broward County, Florida. Further, upon information and belief, Plaintiff is a member of the Florida State Bar, SBN 118014. As of the date of this notice, the Florida State Bar directory lists Plaintiff as having a Florida address.

10. Plaintiff alleges that "Defendant is, at and all times relevant hereto was, a Delaware LLC" and has its headquarters and principal place of business in El Segundo, California. (*Id.* ¶ 7.) Dermstore is actually a Minnesota limited liability company. Dermstore has a single member, PC Beauty Inc. PC Beauty Inc. is a holding company formed in and existing in Delaware. Dermstore is therefore a citizen of Delaware. *Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013) ("For the purpose of determining diversity jurisdiction, 'a limited liability company is a citizen of any state of which a member of the company is a citizen.' *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir.2004). A corporation is considered a citizen of every state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1).")

11. Because Plaintiff is a citizen of Florida and Defendant is not, the minimal diversity required under CAFA exists between at least one proposed class member and one defendant. 28 U.S.C. § 1332(d)(2).

---

[2] Under Fla. Stat. 501.059(8)(d), "[t]here is a rebuttable presumption that a telephonic sales call made to any area code in this state is made to a Florida resident or to a person in this state at the time of the call."

### B. The amount-in-controversy requirement is satisfied.

12.     This case satisfies CAFA's amount-in-controversy requirement because the aggregate potential value of the putative class members' claims exceeds $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), (6).

13.     "The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *Pretka*, 608 F.3d at 751 (quotation omitted). It is well established in the Eleventh Circuit that the amount-in-controversy requirement is satisfied when "it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.'" *Id.* at 754 (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2010)).[3]

14.     In addition to relying on the factual allegations in the complaint, a removing defendant may rely on "reasonable deductions, reasonable inferences, or other reasonable extrapolations" of the relief requested by the plaintiff in alleging that the requirement is satisfied. *Id.* "Just as [the court] generally accept[s] the plaintiff's good-faith allegations of the amount in controversy to establish diversity jurisdiction, 'when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.'" *Roppo v. Travelers Comm. Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) (quoting *Dart Cherokee*, 574 U.S. at 82) (footnote omitted).

---

[3] *See also Roppo v. Travelers Comm. Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) (stating that amount can be calculated by reference to, *inter alia*, "the complaint's allegations" and "the plaintiff's informal estimates" (quotation omitted)); *In re Whole Foods Mkt., Inc., Greek Yogurt Mktg. & Sales Practices Litig.*, No. A-14-MC-2588-SS, 2015 WL 5737692, at *5 (W.D. Tex. Sept. 30, 2015) (discussing "long lines of precedent in both the Eighth and Eleventh Circuits permitting removing defendants to rely on the state court complaints alone to establish the jurisdictional minimums, without resort to extrinsic evidence").

15. In considering these allegations, the court must "aggregate the claims of individual class members and consider the monetary value that would flow to the entire class if [injunctive or] declaratory relief were granted." *Anderson*, 943 F.3d at 925 (quoting *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1316 (11th Cir. 2014)). "Once the proponent of CAFA jurisdiction has explained plausibly how more than $5 million is at stake, federal jurisdiction attaches *unless it is legally impossible* for the plaintiff to recover that much." McLaughlin on Class Actions § 12:6 (16th ed.) (emphasis added).

16. Plaintiff purports to represent a statewide class of individuals, which in Plaintiffs estimation "number in the several thousands, if not more." (Compl. ¶ 33.) Plaintiff alleges Dermstore "placed telephonic sales calls to telephone numbers belonging to thousands of consumers listed throughout Florida without their prior express written consent. (*Id.* ¶ 34.) Plaintiff further alleges this conduct was undertaken "knowingly." (*Id.* ¶¶ 47, 48.) Plaintiff seeks monetary damages for herself and on behalf of the class, as well as injunctive relief. (*Id.* ¶ 49, Prayer for Relief ¶¶ B, C.)

17. Under the FTSA, a plaintiff may recover $500.00 per violation or actual damages, whichever is greater. Fla. Stat. § 501.059(10)(a)(2). For violations that are made "willfully or knowingly," as Plaintiff alleges here, the court may, in its discretion, treble an award. *Id.* § 501.059(10)(b). A successful plaintiff could therefore conceivably recover $1,500.00 per violation.

18. Plaintiff alleges Dermstore began "bombarding Plaintiff with telephonic sales calls" over a period of "several months preceding the filing of this action." (Compl. ¶ 11.) She specifically alleges she received text messages on November 5, 2022, December 20, 2022, and

"other dates." (*Id.*)  An extremely conservative estimate of four text messages Plaintiff alleges are violations, which they are not, would theoretically entitle Plaintiff alone to a potential award of $6,000.00 (*i.e.*, 4 x $1,500.00).

19. Plaintiff alleges Dermstore undertook a "similar" course of action with respect to other Floridians.  (*Id.* ¶ 13.)

20. If one infers that the purported class members would be entitled to the same amount as Plaintiff (*i.e.*, no less than $6,000.00), a mere 834 class members represents $5,004,000.00 in potential statutory damages.  Yet Plaintiff alleges the putative class consists of "thousands" of members.  It is entirely reasonable, therefore, to extrapolate that the relief requested exceeds the $5 million threshold amount for CAFA jurisdiction.  *Pretka*, 608 F.3d at 754 (stating that the jurisdictional threshold is satisfied based on "reasonable deductions, reasonable inferences, or other reasonable extrapolations" of the relief requested by the plaintiff); *see also Todorovich v. Accrediting Bureau of Health Educ. Schs., Inc.*, No. 17-20744-CIV, 2017 WL 7726729, at *2 (S.D. Fla. Apr. 25, 2017) (finding jurisdictional threshold satisfied where plaintiff acknowledged her individual claim totaled $21,975.44 and sought to represent a class of at least 400 people, thus establishing an amount in controversy of more than $8 million).

21. It is apparent from the face of the Complaint that the aggregate value of the relief Plaintiff seeks exceeds $5 million, thereby satisfying the amount-in-controversy requirement under CAFA.

### III.   VENUE IS PROPER IN THIS DISTRICT AND DIVISION, AND THE OTHER STATUTORY AND PROCEDURAL REQUIREMENTS ARE OR WILL BE SATISFIED.

22.   Venue is proper in the United States District Court for the Southern District of Florida, Miami Division under 28 U.S.C. § 1441(a) because the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida is within that federal district and division. The Southern District of Florida, Miami Division, encompasses Dade County, Florida, where the State Court Action was filed.  28 U.S.C. § 89(c).

23.   Removal is timely under 28 U.S.C. § 1446(b) and § 1453(b) because Dermstore was served with the summons and a copy of the Complaint on January 23, 2023, which is not more than 30 days prior to the filing of this Notice of Removal.

24.   A copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and served on Plaintiff's counsel, as provided by 28 U.S.C. § 1446(d).

25.   A completed Civil Cover Sheet accompanies this Notice of Removal.

26.   Copies of all process, pleadings, orders and other papers of every kind served upon Defendants or on file in the State Court Action are attached hereto as: Exhibit A (the Complaint); and Exhibit B (all other filings), as required by 28 U.S.C. § 1446(a).

WHEREFORE Dermstore respectfully removes this action to the United States District Court for the Southern District of Florida.  Dermstore reserves and preserves all rights, including but not limited to the right to compel arbitration.

| Dated:  February 13, 2023 | By: */s/ Christopher G. Oprison* |
|---|---|
| | Christopher G. Oprison, Esq. |
| | Florida Bar Number 122080 |

chris.oprison@dlapiper.com
**DLA PIPER LLP (US)**
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Tel: 305.423.8522
Fax: 305.657.6366

*Attorney for Defendant DERMSTORE LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 13, 2023, a true and correct copy of this document was electronically filed with the Clerk of the Court U.S. District Court, Southern District of Florida, using the CM/ECF system, which will send notification of such filing to counsel of record.

<i>/s/ Christopher G. Oprison</i><br>
Christopher G. Oprison, Esq.